

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4374 | **DATE** | 5/9/2001 |
| **CASE TITLE** | | Smith vs. Welborn | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Smith's petition for writ of habeas corpus is denied. Judgment is entered in favor of respondent, George Welborn. Smith has not made a "substantial showing of the denial of a constitutional right," so this Court declines to grant him a certificate of appealability.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 1 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 24 |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 1 1 2001

UNITED STATES OF AMERICA )
ex rel. Michael Smith )
    )
    Petitioner, )
    )
    )
v. ) Case No. 00 C 4374
    )
    )
George Welborn )
    )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Smith petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his Illinois state convictions for attempted first degree murder, conspiracy to commit first degree murder, solicitation of murder, aggravated kidnaping, and aggravated battery with a firearm. His petition is denied, as his arguments are either procedurally defaulted or without merit.

### FACTS

On February 19, 1992, Chicago police officers found Stephanie Powe sitting in her car. She had been shot twice in the head and left for dead. Although she lost her right eye and had temporary paralysis of the right side of her body, Powe did not die. She lived to testify in court that her incarcerated former boyfriend, Michael Smith, had ordered her killing from within prison.

Powe began living with Michael Smith in late 1989, first in Chicago and later in Will County south of Chicago. She learned that Smith was a high-ranking member of the Gangster Disciples

1

street gang. Powe and Smith were both involved in the trafficking and distribution of cocaine and were both arrested in 1990 in Will County. Smith was incarcerated but Powe was released. Both had drug-related charges pending against them. Throughout 1991, Powe visited Smith in prison, accepted money from him, and facilitated three-way telephone calls for him from outside the prison.

This arrangement became strained in December 1991, when Smith began to threaten Powe. He thought that she was cooperating with prosecutors, that she was not following his orders, and that she was seeing other men. Powe did not visit Smith in January or February 1992, but she spoke with him on the phone and accepted money from him. On the night of February 19th, Smith called Powe on her cell phone and asked her to pick up money for him. She declined, but later in the evening Smith convinced Powe to meet with Darren Brown in Chicago. When she arrived at Brown's house, both Brown and an unidentified man got into her car.

Smith called Powe again on her cell phone and accused her of speaking to prosecutors about the pending drug case. The unidentified man placed a gun to Powe's head. Powe testified that she told Smith about the gun to her head and he said, "You dirty bitch. As soon as this conversation is over, you're about to die." Brown and the unidentified man drove Powe to a dark alley, beat her, interrogated her, and then both shot her in the head.

Smith and Brown were indicted for attempted murder and other charges. Brown himself was murdered before trial, so Smith went to a bench trial alone before Judge John Madden in the Circuit Court of Cook County. In addition to Powe's testimony, prosecutors introduced phone records that revealed that on the night in question five phone calls had been made from the Stateville prison to Brown's phone number. This information could not be directly traced to Smith, as inmates had access to spliced telephone lines. Powe's cellular phone records revealed that three incoming calls

2

were received on the evening of February 19th. The number from which these calls were made was not recorded, but the outgoing calls' numbers dialed by Powe on that night were recorded.

At the close of the prosecution's case, the defense moved for a directed verdict, arguing that the phone records did not show any correlation between the last phone call received by Powe from Smith and any calls placed from within the Stateville prison. Judge Madden denied this motion. Regardless, the prosecution moved to reopen their case. Over an objection that the defendant would be unfairly surprised, the trial court allowed the prosecution to reopen their case and present the testimony of Truman Armstrong, a phone company account executive. He testified that collect calls from the Stateville prison were not logged into any record except the account of the receiving party. Judge Madden denied Smith's renewed motion for a directed verdict.

Smith's defense was designed to discredit Powe's testimony, and included several women who testified to Powe's history of deceptions and confrontations with boyfriends. The parties stipulated that the narcotics charge pending against both Powe and Smith carried a possible sentence of nine to 40 years.

Judge Madden convicted Smith on January 19, 1994, and, after finding that Smith was a habitual offender, sentenced him to life in prison. The Illinois Appellate Court affirmed his conviction on February 16, 1996. *Illinois v. Smith*, 278 Ill. App. 3d 343, 662 N.E.2d 480 (1996). Smith did not file a petition for leave to appeal to the Illinois Supreme Court. His petition for post-conviction relief was denied by the trial court on June 26, 1997, and affirmed by the appellate court on June 30, 1999. His petition for leave to appeal to the Illinois Supreme Court was denied October 6, 1999. Smith filed the present habeas corpus petition on July 17, 2000.

## DISCUSSION

In his habeas petition, Smith raises five claims: (1) the trial judge abused his discretion in allowing the prosecution to reopen the case to present a witness (Truman Armstrong) who had not been disclosed prior to trial; (2) the admission of evidence that Darren Brown had been murdered was error; (3) the evidence introduced at trial was insufficient to convict beyond a reasonable doubt; (4) prosecutorial misconduct, and (5) ineffectiveness assistance of counsel.

The State asserts that Smith "raises the first claim for the first time in his habeas petition." Answer at 6. However, the record reveals that Smith objected at trial to allowing the prosecution to reopen its case. He also raised the issue on his direct appeal. Answer at 1. The appellate court addressed Smith's "argument that the trial court abused its discretion in permitting the prosecution to reopen its case to present additional evidence." *Smith*, 278 Ill. App. 3d at 353, 662 N.E.2d at 486. The State's claim that Smith "failed to present either the facts or the legal theory surrounding this claim to the state court," Answer at 6-7, is thus demonstrably false.

However, Smith's first claim is procedurally defaulted because he did not file a petition for leave to appeal to the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The same point applies to Smith's second claim regarding the admission of evidence that his co-defendant Brown had been murdered, as well as his third claim that the evidence was insufficient to prove him guilty beyond a reasonable doubt. *See Boerckel*, 526 U.S. at 845 (reversing a decision of the Seventh Circuit that had held petitions to the Illinois Supreme Court to be unnecessary for habeas review). *See also Nutall v. Greer*, 764 F.2d 462, 464 (7th Cir. 1985).

In his reply brief, Smith concedes that his claims are procedurally defaulted. Reply at 1-2. He attempts to excuse his default, citing *Coleman v. Thompson*, 502 U.S. 722, 750 (1991). This

4

Court may review Smith's defaulted claims only if his petition shows cause for failure to raise them at the appropriate time and actual prejudice resulting from the failure. *See Wainwright v. Sykes*, 433 U.S. 72, 91 (1977). Without showing cause and prejudice, this Court can review Smith's claims only if refusal to consider them would result in a "fundamental miscarriage of justice," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

Smith asserts as "cause" that his appellate counsel was incompetent, noting that "attorneys are often allowed to make errors, give poor advice, and abandon an accused person when there is no more money involved, and go on with his job. The accused is left stuck in the mud fighting defaults caused by the attorneys." Reply at 4. Inadequate assistance of appellate counsel can serve as "cause" for waiving claims, *Pisciotti v. Washington*, 143 F.3d 296, 300 (7th Cir. 1998); *Clay v. Director, Juvenile Div., Dept. of Corrections*, 749 F.2d 427, 430 (7th Cir. 1984), but Smith has never raised a claim of ineffective assistance in state court. Smith's excuse for the default is thus itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (holding that ineffective assistance claims are not "uniquely immune from the procedural-default rule that accompanies the exhaustion requirement in all other contexts").

Smith does not attempt to show cause and prejudice for defaulting on his ineffective assistance claim, and Smith's conviction was not a fundamental miscarriage of justice, so this Court is barred from reviewing his claims on their merits. However, even assuming we were able to reach the merits of Smith's first three claims, those claims would not entitle him to relief. The first two allege that the trial judge allowed the introduction of evidence that was surprising and prejudicial;

5

these are state law claims that are not cognizable in a federal habeas corpus case. His third claim is that the evidence was not sufficient to convict beyond a reasonable doubt because Powe's testimony was unreliable. Given that the victim took the stand and gave competent testimony that Smith tried to have her killed, this Court could not disagree with the trial judge, particularly on an issue such as credibility.

The State addresses Smith's fourth argument on the merits.[1] Smith alleges prosecutorial misconduct in that the State failed to disclose that Stephanie Powe had worked out a deal with the Will County prosecutors in exchange for her testimony in Smith's attempted murder trial in Cook County. He relies on a document filed by the prosecution in the Will County case in 1996 (two years after Smith's Cook County conviction) which revealed that Powe was receiving leniency for her cooperation in the Will County drug case, cooperation which had begun before Smith's Cook County trial. But Smith presents no evidence that Powe received leniency in return for her Cook County testimony and the record reveals that Smith's Cook County trial counsel knew about Powe's cooperation in the Will County case. In his opening statement, he pointed out that the Will County prosecutors had added Powe's name to their list of witnesses. Powe was questioned about the Will County drug case on the stand, and the parties stipulated that both Powe and Smith were codefendants in a drug case that could result in a prison sentence of 9 to 40 years. In his closing argument, Smith's counsel suggested that Powe was testifying to Smith's complicity in the attempted murder in order to obtain leniency in Will County; then as now there was no foundation for such an

---

[1] The State does not argue that Smith waived this claim based on his failure to file a petition for leave to appeal on direct appeal, presumably because when Smith raised it in his post-conviction petition, the appellate court addressed it on the merits (*Illinois v. Smith*, No. 1-97-3606 at 6-9 (Ill. App. June 30, 1999); and Smith subsequently submitted it to the Illinois Supreme Court in his petition for leave to appeal the denial of post-conviction relief.

allegation. Without evidence that Powe perjured herself or that the Will County prosecutors acted in concert with the Cook County prosecutors, Smith's fourth claim is without merit.[2]

Smith's fifth claim is that his trial counsel was ineffective. Specifically, Smith claims that his counsel was unprofessional, failed to investigate witnesses, failed to subpoena witnesses, failed to file all arguments in post-trial motions, failed to accept a continuance to investigate the State's surprise witness, failed to object to introduction of prejudicial evidence, and failure to introduce evidence of Stephanie Powe's history of drug dealing, violence, and involvement in shootings. However, Smith never presented this claim to the State courts, so principles of comity and federalism preclude habeas review by this Court. This claim is procedurally defaulted.

## CONCLUSION

Smith's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment in favor of the respondent. Smith has not made a "substantial showing of the denial of a constitutional right," so this Court declines to grant him a certificate of appealability. *See* 28 U.S.C. §2253(c)(2).

Dated: May 9, 2001

MATTHEW F. KENNELLY
United States District Judge

---

[2] As part of his prosecutorial misconduct argument, Smith directs the Court's attention to an unpublished opinion of the appellate court, No. 1-96-1552 (January 27, 1998). Smith argues that this opinion, which vacated another of Smith's convictions on grounds of prosecutorial misconduct, bolsters his argument in this case by proving the Cook County prosecutors had an "obsession to convict" him. The Court has reviewed that opinion and found nothing relevant to this case.

7